PASSAIC COUNTY COURT OF COMMON PLEAS.

YVES DORVAL, PETITIONER-APPELLANT, v. UNITED PIECE DYE WORKS, RESPONDENT-APPELLEE.

Decided November 19, 1936.

For the petitioner, *Nathan Rabinowitz* and *Joseph D. Donato* (*Isadore Rabinowitz,* of counsel).

For the respondent, *John Pomfret, Jr.*

DAVIDSON, C. P. J. This is an appeal from a judgment of dismissal entered in the workmen's compensation bureau on a claim petition alleging hernia, the commissioner basing his determination upon a finding that the petitioner below failed to sustain the burden of proof relative to strict compliance with the fifth requirement of the statutory provisions contained in paragraph II, section X, of the Workmen's Compensation act, namely, "that there was such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia." It is unnecessary to here set out the other four requirements of the statute as the evidence discloses a full compliance and the commissioner so found.

The statute itself declares inguinal hernia to be a disease which ordinarily develops gradually, rarely resulting from accident, and it is evident that the legislative requirements of the section were definitely prescribed in order to prevent imposition. The surrounding circumstances as revealed by

the testimony and the stipulation that a witness for petitioner below would testify that he saw the employe lift the barrel, complain of pain at the time, and thereafter only undertake light work, indicates very definitely that this is not a case of imposition.

The general aspect of the case as disclosed by the proofs, unquestionably demonstrates that petitioner felt a sudden pain in the right groin while engaged in lifting a barrel, that he thereupon walked some fifteen or twenty feet to a toilet and noticed a lump in his right groin, that he reported the occurrence to his foreman and then, for about two hours engaged in light work until his regular quitting time. He walked some two blocks to his home and upon reporting for work the next day visited the mill clinic and was told by the nurse in charge, who took a history but made no examination, to take it easy and return the following day when the doctor would be there. He resumed light work and was attended by the mill doctor some thirty-nine hours after the accident. While the doctor then found the hernia painless, that he had previously suffered physical distress is conclusively established in the evidence. The fact that the employe actually reported to the clinic for treatment, in the light of surrounding circumstances and after consideration of all the testimony, is to me persuasive evidence that his physical distress was such that the attendance of a licensed physician was required within the statutory period. He, in fact, sought such assistance. The statute does not use the word "obtained," it pointedly employs "required," which implies necessity, and doubtless for the very good reason that a situation might arise where the necessity for a physician's services might be extreme and yet the circumstances conceivably preclude his actual attendance within the required time.

The petitioner below undoubtedly was not aware of the statutory requirements, he acted honestly, was unintentionally, of course, lulled into a sense of security by the nurse in charge of the clinic, and, in these circumstances, it would certainly be contrary to the purpose and intent of this beneficial legislation to penalize the employe.

It may well be that there was an initial congenital weakness of the abdominal wall, but that the hernia was caused by the sudden strain involved in lifting a barrel, certainly cannot be denied in the face of the evidence and is, in fact, more or less tacitly admitted.

I am of the opinion that the proofs offered conclusively demonstrate a compensable hernia within the intent of the statute and the determination of the bureau is, accordingly, reversed.

I further find that while petitioner was employed by the respondent on February 6th, 1935, he suffered an accident resulting in the hernia aforesaid, which accident arose out of and in the course of his employment with the respondent; that respondent had actual knowledge of the occurrence of the said injury; and that petitioner's wages were twenty-six dollars and forty cents ($26.40) per week.

Petitioner has indicated that he does not desire to undergo an operation for the relief of his hernia and I therefore find that he is entitled to compensation for a period of twenty (20) weeks at the rate of seventeen dollars and sixty cents ($17.60) per week, being two-thirds (2/3) of his weekly wage.

I further find that Doctors Cortese and Iannacone testified for petitioner and their testimony was necessary to a proper presentation of petitioner's case and they are entitled, for medical expert testimony in the sum of thirty ($30) dollars therefor to be paid in the following manner, to wit: $15 to be paid Dr. Alvin E. Cortese and $15 to be paid Dr. John Iannacone, one-half to be paid by petitioner and one-half to be paid by respondent.

I further find that petitioner's legal advisers, Nathan Rabinowitz, Isadore Rabinowitz and Joseph D. Donato, are entitled to compensation for services rendered in the workmen's compensation bureau in the sum of seventy ($70) dollars, to be paid in the following manner, to wit: one-half to be paid by petitioner, and one-half by respondent, and three hundred ($300) dollars for services rendered in connection with the appeal to this court to be paid in the following manner, to wit: $225 by respondent and $75 by petitioner.

It is further ordered that stenographic fees are to be paid by the respondent.

It is, therefore, on this 19th day of November, 1936, ordered that judgment final be entered in favor of the petitioner, Yves Dorval, and against the respondent, United Piece Dye Works, in the sum of seventeen dollars and sixty cents ($17.60) per week, for a period of twenty (20) weeks beginning with February 6th, 1935, the total sum therefor, now being due in the sum of $352 for medical testimony rendered by Doctors Cortese and Iannacone, the sum of $30, one-half to be paid by petitioner and one-half by respondent, for legal services rendered in this proceeding before the workmen's compensation bureau in the sum of $70 to be paid in the following manner, to wit: one-half by petitioner and one-half by respondent, and $300 for legal services rendered in this court on appeal from the workmen's compensation bureau, to be paid in the following manner, to wit: $225 by respondent and $75 by petitioner; it is further ordered that stenographic fees for attendance of stenographer before the workmen's compensation bureau to be paid by the respondent.